**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: ) | |
| ) | |
| MATTHEW EDWARD SHKOR, ) | Case No. 21-00041-ELG |
| ) | |
| Debtor. ) | |
| ) | |

**CAPITAL BANK, N.A.'S MOTION TO STRIKE DEBTOR'S PRAECIPE
WITHDRAWING MOTION TO APPROVE SETTLEMENT WITH CORNERSTONE
CAPITAL, LLC AND/OR TO REINSTATE SUCH MOTION**

### I. INTRODUCTION

The Debtor previously filed a Motion to Approve Settlement with Cornerstone Capital, LLC ("Cornerstone") (Dkt. No. 183). Capital Bank N.A., ("Capital Bank") objected to the Motion (the "Settlement Motion") because the settlement impermissibly sought to compromise claims against the Debtor in exchange for a monetary benefit to the Debtor if Cornerstone prevailed in its Adversary Proceeding with Capital Bank. The Debtor was a witness in the trial of that Adversary Proceeding, and the settlement preceded the Debtor's testimony at trial. (Dkt. No. 186). Cornerstone moved for Capital Bank's Objection to be stricken. (Dkt. No. 187).

At an ensuing Status Conference, the Court entered a Scheduling Order. (Dkt. No. 200). The Order provided that the Court had determined it would be appropriate to set a discovery schedule and an evidentiary hearing date. (*Id.*) The Order further provided that discovery was to be completed by October 27 and the hearing would be on November 8. (*Id.*) Pursuant to that Order,

___

Alexander M. Laughlin (Bar ID: 484489)
F. Douglas Ross (Admitted Pro Hac Vice)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Phone:   (703) 218-2100 (telephone)
Fax:     (703) 218-2160 (facsimile)
Email:   Alex.Laughlin@ofplaw.com
         Douglas.Ross@ofplaw.com

*Counsel for Capital Bank*

Capital Bank served Document Requests on both the Debtor and Cornerstone. Those Requests sought just four discrete categories of documents (essentially the documents exchanged between the Debtor and Cornerstone leading up to the proposed Settlement Agreement). The Debtor and Cornerstone did not file any objections to the Document Requests. Instead, Cornerstone requested a ten-day extension and stated it would then produce the responsive documents. Capital Bank's counsel agreed to the requested extension. The parties also began discussing potential dates for Capital Bank's deposition of the Debtor, which would follow the production of documents by Cornerstone and the Debtor.

However, neither the Debtor nor Cornerstone produced any documents within the extended time period. When Capital Bank's counsel followed up on the status of that production, counsel for the parties had a telephone conversation during which counsel for the Debtor and Cornerstone indicated they were not going to produce any documents,[1] and intended to withdraw their Motion, which they have now attempted to do with the Praecipe filed on October 21, 2023. (Dkt. No. 202).

The premise of the Praecipe is that the Debtor and Cornerstone purportedly do not need the Court's approval for their proposed settlement because they based their Settlement Motion on Rule 9019, which they now claim does not apply because Rule 9019 refers to settlements proposed by the Trustee, and the settlement here was not proposed the Trustee.

Capital Bank objects to this latest in a serious of efforts by the Debtor and Cornerstone to avoid the Court's scrutiny of their impermissible settlement, this time by purporting to withdraw

---

[1] Counsel for the Debtor and Cornerstone did state in the conversation, and in their subsequent Praecipe, that they would produce the responsive documents as "Attorneys' Eyes Only," but only after the Court has issued its ruling in the Adversary Proceeding. For the reasons detailed herein, the Debtor and Cornerstone are not entitled to ignore their discovery obligations, nor are they entitled to cancel a scheduled evidentiary hearing.

the Settlement Motion. In light of the Court's prior Order authorizing discovery on this issue and scheduling the matter for an evidentiary hearing on November 8, the Debtor may not unilaterally withdraw the Settlement Motion. Because the proposed settlement seeks to compromise claims arising under Section 727, this Court's approval is required for that reason as well.

Capital Bank therefore requests that the Court strike the Debtor's Praecipe and/or reinstate the Settlement Motion; order the Debtor and Cornerstone to produce the documents responsive to Capital Bank's Document Requests; and order the Debtor to appear for a deposition prior to a hearing on the Settlement Motion.

## II. ARGUMENT

**A.  The Settlement Agreement Violates the Rules of Professional Responsibility Because It Provided the Debtor with a Prohibited Inducement Based on the Results of the Adversary Proceeding Before He Testified at Trial.**

There is no dispute that the Settlement provides a financial benefit to the Debtor if Cornerstone were to prevail in its litigation with Capital Bank, and provides a financial penalty to the Debtor if Capital Bank were to prevail. To summarize:

1.  If Cornerstone wins its litigation with Capital Bank, and the Debtor vacates the Property to enable its sale, the $1 million non-dischargeability judgment would be released and the Debtor would receive 3% of the gross sales price.

2.  However, if Capital Bank wins the litigation with Cornerstone, the Debtor would be obligated to pay Cornerstone $75,000, and agree to vacate the Property, in order to have the $1 million judgment released.

The Debtor was a fact witness in the Adversary Proceeding between Capital Bank and Cornerstone, and under the Settlement would be receiving a benefit or a penalty contingent on the

3

outcome of that matter. These terms are incompatible with the applicable D.C. Rules, which in pertinent part provide:

> A lawyer shall not:
>
> (b) Falsify evidence, counsel or assist a witness to testify falsely, *or offer an inducement to a witness that is prohibited by law*;

D.C. Rule 3.4(b) (emphasis added).

Cases in other jurisdictions, addressing comparable Rules, regularly hold that it is an ethics violation of Rule 3.4(b) to pay a fact witness a fee that is contingent on the outcome of the case. See, e.g., *Florida Bar v. Wohl*, 842 S. 2d 811 (Fla. 2003)(improper for lawyer to negotiate agreement for fact witness to receive "bonus" depending on usefulness of information she provided); *In re Bruno*, 956 So. 2d 577, 23 Law. Man. Prof. Conduct 272 (La. 2007)(attorney's $5,000 payment to witness in tort class action was prohibited inducement); *West Virginia State Bar Comm. on Legal Ethics v, Sheatsley*, 452 S.E. 2d 75 (W. Va. 1994)(reprimanding lawyer who drafted agreement in which client promised to pay potential witness for information relating to client's litigation, with additional payment in event of favorable outcome.

The Settlement between the Debtor and Cornerstone clearly provides the Debtor with a benefit if Cornerstone were to win its case with Capital Bank; and a penalty if Capital Bank were to prevail. The Settlement therefore provided a prohibited inducement to the Debtor before he testified at the trial.

Capital Bank's counsel wishes to reiterate that he is not suggesting that either counsel for the Debtor or Cornerstone's counsel offered the inducement as part of an express quid pro quo for the Debtor to testify falsely. But that is not the issue – the issue is that the Debtor was provided

4

with an inducement or a penalty based on the outcome of the Adversary Proceeding before he testified in that proceeding, and that is prohibited and therefore should not be approved by the Court.

### B.     The Debtor May Not Unilaterally Withdraw The Settlement Motion.

Several bankruptcy courts have addressed and rejected a litigant's attempt to unilaterally withdraw a pending motion. For example, in language strikingly applicable to the case before the Court, the Western District of Pennsylvania's Bankruptcy Court held:

> "The Court is unaware of any provision under either the *Federal Rules of Bankruptcy Procedure or its Local Rules* would permit a party to proceed by way of a "request", directed to the Clerk and instructing the Clerk to withdraw a prior pending motion. The proper procedure to follow when seeking the withdrawal of a pending motion is to file a separate motion seeking to have the pending motion withdrawn. *See Fed.R.Bankr.P.* 9013 (a request for an order, except when an application is authorized by the Bankruptcy Rules, must be by written motion unless made during a hearing); *Fed.R.Bankr.P. 7007(b)(1)* (same); *60 CJ.S. Motions and Orders § 41* (2007) (after a motion has been submitted it may not be withdrawn without the consent of the court). This is particularly true when, as here, a pending motion has already been argued and is in line for decision. The Court can foresee the potential for mischief if a party were permitted to unilaterally act to withdraw its motion in these circumstances. Hence, the practice of filing any document, however titled, which purports to unilaterally direct the Clerk to withdraw a pending motion, is not appropriate." *Morrison v. Office of the United States Tr. (In re Morrison)*, 375 B.R. 179, 187-88 (Bankr. W.D. Pa. 2007) (debtor filed motion to withdraw his Second Reconsideration Motion)

The Northern District of Indiana also rejected a creditor's motion to withdraw brought the day before the hearing on the creditor's motion to modify the stay. Since the other party did not agree to the motion to withdraw, the Court held that the motion "could not be dismissed as a matter of right, *see* Fed. R. Civ. P. Rule 41(a)(1); Fed. R. Bankr. P. Rules 9014 and 7041." The Court also noted that the motion to withdraw was really a motion to dismiss due to the lack of stipulation – therefore, the local rules permitting the opposing party to file an opposition would have prohibited

5

the Court from granting the motion anyway. *In re Martin*, 350 B.R. 812, 815, 819-20 (Bankr. N.D. Ind. 2006) (denying the motion to withdraw the motion to modify the stay).

The Northern District of Ohio also rejected a motion to withdraw, noting that "Nationstar cannot simply withdraw the Third Motion for Relief because the Debtors have filed a response opposing the relief sought. Nationstar requires an order of the Court to withdraw the Third Motion for Relief." The Court also agreed that in this context a motion to withdraw was akin to a motion to dismiss, thus Bankruptcy Rule 9014, which incorporates FRCP 41's requirement for stipulation to dismiss a matter without a court order applied. *In re Mocella*, 540 B.R. 342 (Bankr. N.D. Ohio 2015).

Here, the parties had previously briefed the issue of the Settlement Motion, Capital Bank's Objection and Cornerstone's Motion To Strike Capital Bank's Objection. The Court then entered an Order permitting discovery on that issue and scheduled an evidentiary hearing. As in the cases above, the Debtor is not entitled to cancel a Court-ordered evidentiary hearing by attempting to unilaterally withdraw the Settlement Motion.

C. **The Proposed Settlement Also Requires Court Approval Because It Involves the Compromise of Section 727 Claims**.

Although it was the Debtor who filed the Motion acknowledging that he and Cornerstone needed Court approval of their proposed settlement, the Debtor and Cornerstone now seek to prevent the Court from scrutinizing the impermissible terms of the settlement by claiming that Rule 9019 is not applicable here. However, regardless of whether Rule 9019 is applicable or not (and even ignoring the inconsistency that the Debtor acknowledged the need for Court approval

6

by filing the Settlement Motion), the proposed settlement requires the Court's approval because it seeks to compromise Section 727 claims.

Cornerstone seeks to avoid the Court's scrutiny of the proposed settlement by claiming that it does not involve the settlement of 727 claims. Cornerstone's position is without merit, because the Settlement Agreement, Settlement Motion, and Proposed Order all refer to the settlement of Section 727 claims.

Thus, the Settlement Agreement, which Cornerstone obviously signed, states:

WHEREAS, in the Bankruptcy Case, Cornerstone has extended until May 1, 2023 the deadlines for Cornerstone to file Complaints *objecting to discharge* and to determine dischargeability of debts; (emphasis added). (*Id*.). (Doc. 183-1, p. 1).

WHEREAS, Cornerstone asserts that grounds exist under 11 U.S.C. § 523 *and or § 727* to have its debt owed by Mr. Shkor declared non-dischargeable; (emphasis added). (*Id*.). The Settlement Agreement then releases all claims other than those preserved in the Agreement, meaning that the § 727 claims were released. (*Id*., ¶ 9).

Similarly, the Settlement Motion states:

In the Bankruptcy Case, Cornerstone has extended until May 1, 2023 the deadlines for Cornerstone to file Complaints *objecting to discharge* and determine dischargeability of debts; (emphasis added) (Doc. 183, ¶ 7); and

Cornerstone asserts that grounds exist under 11 USC § 523 and or § 727 to have its debt owed by Mr. Shkor declared non-dischargeable. (*Id*., ¶ 8).

The Proposed Order submitted with the Settlement Motion also states:

IT FURTHER APPEARING that in the Bankruptcy Case, Cornerstone has extended until May 1, 2023 the deadlines for Cornerstone to file Complaints objecting to discharge and determine dischargeability of debts; (emphasis added). (Doc. 183-2, p. 2).

7

IT FURTHER APPEARING that Cornerstone asserts that grounds exist under 11 U.S.C. § 523 and or § 727 to have its debt owed by Mr. Shkor declared non-dischargeable . . . (emphasis added). (*Id.*, p. 3).

There is therefore no basis to contend that the settlement did not release § 727 claims. As such, the Court's approval of the Settlement is required. *See Peterson–Marone Construction, LLC v. McKissack (In re McKissack)*, 320 B.R. 703, 718 (Bankr. D. Colo. 2005) ("[T]he settlement of a § 727 action which calls for a payment to go only to the complaining creditor in return for dismissal of the adversary proceeding are highly disfavored and are unlikely to be approved").

### III. CONCLUSION

The Court has ordered that the issues attendant to the Debtor's Settlement with Cornerstone be the subject of an evidentiary hearing on November 8. For that reason, neither the Debtor nor Cornerstone are entitled to cancel that hearing by attempting to withdraw the Settlement Motion. In addition, the Settlement requires Court approval for a second, independent reason; namely, that it seeks to compromise section 727 claims. Capital Bank therefore respectfully requests that the Debtor's Praecipe be stricken, and/or that the Settlement Motion be reinstated and scheduled for an evidentiary hearing following production by the Debtor and Cornerstone of the documents requested by Capital Bank and the deposition of at least the Debtor.

Respectfully submitted,

  /s/ Alexander M. Laughlin
Alexander M. Laughlin (Bar ID: 484489)
F. Douglas Ross (Admitted Pro Hac Vice)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Phone:  (703) 218-2100 (telephone)
Fax:    (703) 218-2160 (facsimile)
Email:  Alex.Laughlin@ofplaw.com
        Douglas.Ross@ofplaw.com
*Counsel for Capital Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October 2023, a copy of Plaintiff Capital Bank, N.A.'s Objection to Debtor's Praecipe Withdrawing Its Settlement was served on all counsel of record via electronic notification through the Court's CM/ECF system.

*/s/ Alexander M. Laughlin*
Alexander M. Laughlin

#5769670v1