IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| MATTHEW EDWARD SHKOR | * | Case No: 21-00041-ELG |
| Debtor | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CORNERSTONE CAPITAL, LLC | * |
| Movant | * |
| v. | * |
| MATTHEW EDWARD SHKOR and BRYAN S. ROSS, CHAPTER 7 TRUSTEE | * |
| Respondents | * |

\* \* \* \* \* \* \* \* \* \* \* \*

CONSENT MOTION FOR RELIEF FROM AUTOMATIC STAY

Cornerstone Capital, LLC ("Cornerstone"), by and through its undersigned counsel, files this Consent Motion for Relief from the Automatic Stay (the "Motion"), which is consented to by the Debtor, and respectfully appears now before the Court petitioning for relief from the automatic stay pursuant to Section 362(d)(1) and (d)(2) of the United States Bankruptcy Code, so that Cornerstone can proceed with the foreclosure of real property commonly known as 1738 R Street, N.W., Washington, D.C. 20009, and states as follows:

I. JURISDICTION AND VENUE

1. This court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 362. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. BACKGROUND

2. Matthew Edward Shkor (the "Debtor") filed a voluntary petition for relief on February 5, 2021 (the "Petition Date"), under Chapter 7 of Title 11 of the United States Bankruptcy Code.

---

Catherine Keller Hopkin, 976744
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland 21401
(443) 569-0788
chopkin@yvslaw.com
Counsel for TD Bank, N.A.

3. On February 5, 2021, Bryan S. Ross was appointed as the chapter 7 trustee in this case.

The Property

4. The Debtor is the owner of real property located at 1738 R Street, N.W., Washington, D.C. 20009 (the "Property"). [Dkt. No. 42 at p.3]. The Property is more particularly described as all that certain lot or parcel of land situated in the District of Columbia and being more particularly described as Lot Numbered 0152 in Square Numbered 0155 in a subdivision made by Fisher and Hillyer as per plat recorded in Liber 14 at Folio 18 among the Records in the Office of the Surveyor for the District of Columbia.

5. The Debtor's Amended Schedules lists the Property with a value of $3,495,000.00. [Dkt. No. 42 at p.3].

The Cornerstone Debt

6. On May 26, 2017, Potomac Construction Biltmore, LLC, as borrower, entered into a Commercial Promissory Note listing Cornerstone as lender, in the original principal amount of $1,262,500.00 (the "Cornerstone Note"). A true and accurate copy of the Cornerstone Note is attached hereto as **Exhibit A**.

7. Also on May 26, 2017, the Debtor as guarantor, entered into a Guaranty of Payment and Performance (the "Cornerstone Guaranty"). A true and accurate copy of the Cornerstone Guaranty is attached hereto as **Exhibit B**. Pursuant to the Cornerstone Guaranty, the Debtor agreed to guaranty the Cornerstone Note debt obligation.

8. Also on May 26, 2017, the Debtor as grantor entered into a Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing listing Jacob A. Ginsberg, Esquire and Benjamin Smith, Esquire as trustees for the use and benefit of Cornerstone (the "Cornerstone Deed of Trust"). A true and accurate copy of the Cornerstone Deed of Trust is attached hereto as **Exhibit C**.

9. Section 27 of the Cornerstone Deed of Trust includes the following provision:

> **Future Advances**. This Deed of Trust shall secure not only existing indebtedness, but also such future advances, whether such advances are obligatory or to be made at the option of Beneficiary, or otherwise, to the same extent as if such future advances were made on the date of the execution of this Deed of Trust. Any such

> future advances, whether obligatory or to be made at the option of the Beneficiary, or otherwise, may be made either prior to or after the due date of the Note or any other notes secured by this Deed of Trust. This Deed of Trust is given for the specific purpose of securing any and all indebtedness by the Trustor to Beneficiary (but in no event shall the secured indebtedness exceed at any time the maximum principal amount set forth in this section) in whatever manner this indebtedness may be evidenced or represented, until this Deed of Trust is satisfied of record. All covenants and agreements contained in this Deed of Trust shall be applicable to all further advances made by Beneficiary to Trustor under this future advance clause.

10. Additional funds advanced by Cornerstone in connection with Section 27 of the Cornerstone Deed of Trust are referred to hereafter as the "Future Advances".

11. Pursuant to the Cornerstone Deed of Trust, the loan described in the Cornerstone Note and all Future Advances are secured by the Property. *See* Cornerstone Deed of Trust at pp. 1-3.

12. On August 29, 2018, Potomac Construction Biltmore, LLC and Potomac Construction 1753 Willard, LLC entered into an agreement titled Second Modification of Promissory Note, with the Debtor signing as "Seen and Agreed" (the "2018 Modification"). A true and accurate copy of the 2018 Modification is attached hereto as **Exhibit D**.

13. On February 26, 2019, Potomac Construction Biltmore, LLC and Potomac Construction 1753 Willard, LLC entered into another Modification of Promissory Note, with the Debtor signing as "Seen and Agreed" (the "2019 Modification", and together with the 2018 Modification, the "Cornerstone Note Modifications"). A true and accurate copy of the 2019 Modification is attached hereto as **Exhibit E**.

14. Pursuant to the Cornerstone Note Modifications, Cornerstone advanced an additional $756,000 secured by its Cornerstone Deed of Trust in August 2018, and then another $1,000,000 secured by its Cornerstone Deed of Trust in February 2019.

15. On August 3, 2020, due to a default under the Cornerstone Note, as modified by the Cornerstone Note Modifications, Cornerstone obtained a judgment against the Debtor in the principal amount of $2,517,077.83 plus interest at the rate of 10% per annum from that date (the "Cornerstone Judgment"). A true and accurate copy of the Cornerstone Judgment is attached hereto as **Exhibit F**.

16. As of the Petition Date, the balance due to Cornerstone under the Cornerstone Judgment and secured by the Property was $2,646,034.90, comprised of $2,517,077.83 in principal and $128,957.07 in interest (interest rate of 10% per annum equals $689.61 per diem for 187 days from judgment date to the Petition Date). A true and accurate copy of Cornerstone's Proof of Claim Number 24 is attached hereto as **Exhibit G**.

17. No payments have been made on the Cornerstone Judgment since the Petition Date.

18. As of April 3, 2024, an additional $1,006,831.13 in interest has accrued ($20,975.65 per month for 44 months), increasing the total Cornerstone debt secured by the Property to $3,568,963.50.

The Capital Bank Debt

19. On or about April 16, 2018, the Debtor, as borrower, entered into a Home Equity Line of Credit Agreement and Disclosure listing Capital Bank, N.A. ("Capital Bank") as lender, with a credit limit of $2,000,000.00 (the "Capital Bank HELOC"). A true and accurate copy of the Capital Bank HELOC is attached hereto as **Exhibit H**.

20. Also on April 16, 2018, the Debtor as grantor entered into a Deed of Trust listing Capital Bank as beneficiary and Joanie Kreger as trustee (the "Capital Bank Deed of Trust"). A true and accurate copy of the Capital Bank Deed of Trust is attached hereto as **Exhibit I**.

21. Pursuant to the Capital Bank Deed of Trust, the loan described in the Capital Bank HELOC is secured by the Property.

22. As of April 15, 2021, the balance due to Capital Bank under the Capital Bank HELOC and secured by the Property was $2,072,595.32. *See* Proof of Claim 22, Part 4 providing worksheet of balance owed, attached hereto as **Exhibit J**.

23. Upon information and belief, no payments have been made on the Capital Bank HELOC since April 15, 2021.

Lien Priority Dispute

24. As this Court is well aware, the above referenced documents do not include the totality of agreements by and between Cornerstone, Capital Bank and the Debtor. The timing of execution and recording of various additional documents between the parties has led to a dispute

between Cornerstone and Capital Bank regarding the priority of their liens against the Property. This issue is currently on appeal to the United States District Court for the District of Columbia, Case No. 1:23-cv-03648-APM.

25.However, the priority of liens between Cornerstone and Capital Bank is irrelevant for purposes of this Motion. The pertinent facts are that (i) Cornerstone has a valid lien, in whatever priority is determined on appeal; and (ii) Cornerstone and Capital Bank have combined liens against the Property in excess of $4,700,000 as of the Petition Date, which has only increased thereafter.

26.While Cornerstone has received no payments on the Cornerstone Judgment in over three years, Cornerstone continues to incur expenses in order to secure and insure the Property.

27.The Debtor vacated the Property in December 2023. Since that time, Cornerstone has taken the following actions, among others, to protect and maintain the Property, which benefits not only Cornerstone, but also Capital Bank, any other subordinate lienholders, and the Debtor himself:

a.Fix a broken window for the Property,

b.Secure the doors and windows of the Property,

c.Repair a heating issue with the Property, and

d.Have someone go out and check the Property approximately every two weeks to ensure there is no damage or other issues.

28.Cornerstone has spent approximately $1,000 out-of-pocket on the repairs, plus substantial additional amounts in the form of time and labor for repeatedly having to check on the security and condition of the Property.

29.In further support of the facts alleged in this Motion, an Affidavit in Support of Motion for Relief from Automatic Stay is attached hereto as **Exhibit K.**

### III.RELIEF FROM THE AUTOMATIC STAY

30.Cornerstone is entitled to relief from the automatic stay pursuant to Section 362(d)(1) and (2) of the Bankruptcy Code, to enable Cornerstone to avail itself of its rights and remedies under applicable law, including but not limited to a foreclosure of the Property.

1. <u>Cornerstone Is Entitled to Stay Relief Under Bankruptcy Code §362(d)(1).</u>

31. Section 362(d)(1) provides that the Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Because the Bankruptcy Code provides no definition of what constitutes "cause," courts determine when relief is appropriate on a case-by-case basis. *See e.g. In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). In determining whether cause exists, the bankruptcy court "must balances potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id.* at 345.

32. While the Bankruptcy Code does not define the term "cause," one specified basis for finding cause to grant relief from the automatic stay is the lack of adequate protection of an interest in property. 11 U.S.C. §362(d); *see also In re Miller*, 103 B.R. 353, 354 (Bankr. D. D.C. 1989). Cause may be any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).

33. Cause exists in this case because (a) the Debtor has failed to make any post-petition payments to Cornerstone on account of its lien on the Property, and (b) the Debtor has vacated the Property and has failed to properly maintain and protect the Property, causing Cornerstone to incur such related expenses without reimbursement, as described more fully above.

34. For these reasons, Cornerstone's interest in the Property is not adequately protected and cause exists to grant Cornerstone relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

2. <u>Cornerstone Is Entitled to Stay Relief Under Bankruptcy Code § 362(d)(2).</u>

35. Section 362(d)(2) states as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> > (A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization[.]

36. The value of a property in a Debtor's schedules can be a basis for valuing a property for purposes of determining equity pursuant to Section 362(d)(2). *See Specialized Loan Servcing LLC v. Bird (In re Bird)*, 2022 Bankr. LEXIS 417, at *7 (Bankr. D. Md. Feb. 18, 2022) ("In his bankruptcy schedules, the Debtor states the value of the Property is $200,000. Therefore, there is no equity in the Property.").

37. The Debtor has scheduled the Property as having a value of $3,495,000.00. [Dkt. No. 42 at p.3].

38. The Cornerstone and Capital Bank liens against the Property are alone, in the aggregate, in excess of $4,700,000, which is more than $1,000,000 greater than the value of the Property. Accordingly, there is no equity in the Property.

39. The second element of Section 362(d)(2), that the Property is not necessary for an effective reorganization, is also satisfied as a matter of law, because this is a chapter 7 bankruptcy case, which will have no reorganization. *See e.g. In re Lattea*, 2021 Bankr. LEXIS 597, at *25-26 (Bankr. W. Va. March 15, 2021) ("Furthermore, because the [debtors] have filed a Chapter 7 liquidation § 362(d)(2)(B) is rendered inapplicable because there is no reorganization effort present.").

WHEREFORE, Cornerstone moves this Court for an entry of an Order: (i) granting this Motion; (ii) granting Cornerstone relief from the automatic stay, to permit Cornerstone to pursue its legal rights and remedies under applicable law in connection with the Property, including but not necessarily limited to a foreclosure of the Property; and (iii) for such other relief as this Court deems appropriate.

    /s/ Catherine Keller Hopkin
Catherine Keller Hopkin, 976744
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401
(443) 569-0788
chopkin@yvslaw.com

Counsel for Cornerstone Capital, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April 2024, notice of filing the Consent Motion for Relief from Automatic Stay (the "Motion") was served by CM/ECF to those parties listed on the docket as being entitled to such electronic notices, which parties are identified on the attached service list; and a copy of the Motion was mailed first class, postage prepaid to the parties so identified on the attached service list.

       /s/ Catherine Keller Hopkin
Catherine Keller Hopkin

**The following parties received a
copy of the filing by first class mail:**

Matthew Edward Shkor
1738 R Street, N.W.
Washington, D.C.  20009

Bryan S. Ross, Chapter 7 Trustee
1776 K Street N.W., Suite 200
Washington, D.C.  20006-1222

**The following parties received
CM/ECF notice of the filing:**

Lawrence J. Anderson, Esquire
(landerson@nealon.com)
Counsel for Capital Bank, N.A.
Nealon & Associates, P.C.
119 North Henry Street
Alexandria, Virginia  22314

Jill Diane Caravaggio, Esquire
(jill@jill-lawoffice.net)
Counsel for Ferguson Enterprises, LLC
8923 Fingerboard Road, Suite C
Frederick, Maryland  21704

Darrell W. Clark, Esquire
(darrell.clark@stinson.com)
Counsel for Chapter 7 Trustee
Stinson LLP
1775 Pennsylvania Ave NW, Suite 800
Washington, D.C.  20006

Valerie Edwards, Esquire
(valerie@antonlegal.com)
Counsel for Eileen Cowdery
Antonopolos & Associates
1725 DeSales Street NW, Suite 600
Washington, D.C.  20036

Alan D. Eisler, Esquire
(aeisler@e-hlegal.com)
Counsel for Debtor
Eisler Hamilton, LLC
1 Research Court, Suite 450
Rockville, Maryland  20850

Kristen S. Eustis, Esquire
(kristen.s.eustis@usdoj.gov)
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia  22314

Christopher J. Giaimo, Esquire
(christopher.giaimo@squirepb.com)
Counsel for Compass Concierge, LLC
Squire Patton Boggs
2550 M Street
Washington, D.C.  20037

Neil D Goldman, Esquire
(ngoldman@goldmanvanbeek.com)
Counsel for Christian G. Waller
Goldman & Van Beek, P.C.
510 King Street, Suite 416
Alexandria, Virginia  20854

Richard E. Hagerty, Esquire
(richard.hagerty@troutmansanders.com)
Counsel for Goldman Sachs Bank USA
Troutman Pepper Hamilton Sanders LLP
401 9th Street, N.W., Suite 1000
Washington, D.C.  20004

Catherine Keller Hopkin, Esquire
(chopkin@yvslaw.com)
Counsel for Cornerstone Capital, LLC
YVS Law, LLC
185 Admiral Cochrane Drive, Suite 130
Annapolis, Maryland  21401

Jason Kutcher, Esquire
(jason.kutcher@troutmansanders.com)
Counsel for Goldman Sachs Bank USA
Troutman Pepper Hamilton Sanders LLP
401 9th Street, N.W., Suite 1000
Washington, D.C.  20004

Arthur P. Lander, CPA
(artlander@aol.com)
Arthur Lander CPA PC
300 North Washington Street, Suite 104
Alexandria, Virginia  22314

Alexander M. Laughlin, Esquire
(alex.laughlin@ofplaw.com)
Counsel for Capital Bank, N.A.
Odin, Feldman & Pittleman, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia  20190

Jeffrey M. Orenstein, Esquire
(jorenstein@wolawgroup.com)
Counsel for Dila Development
Wolff & Orenstein, LLC
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20852

Bryan S. Ross, Chapter 7 Trustee
(ysnore@aol.com)
1776 K Street N.W., Suite 200
Washington, D.C.  20006-1222

Michael N. Russo, Jr., Esquire
(russo@councilbaradel.com)
Counsel for MatCap
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland  21401

Richard M. Sissman, Esquire
(rsissmanesq@his.com)
Counsel for BMC East, LLC
Law Offices of Richard M. Sissman
1485 Chain Bridge Road, Suite 105
McLean, Virginia  22101

Benjamin P. Smith, Esquire
(bsmith@shulmanrogers.com)
Counsel for VVS RI Development LLC
Shulman Rogers Gandal Pordy & Ecker
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland  20854

Maurice Belmont VerStandig, Esquire
(mac@mbvesq.com)
Counsel for VVS RI Development LLC
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, Suite 665
Henderson, Nevada  89012

U. S. Trustee for Region Four
(ustpregion04.dc.ecf@usdoj.gov)
1725 Duke Street, Suite 650
Alexandria, Virginia  22314

Shawn C. Whittaker, Esquire
(shawn@whittaker-law.com)
Counsel for AG's Enterprise, Inc.
Whittaker & Associates, P.C.
1010 Rockville Pike, Suite 607
Rockville, Maryland  20852