# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | |
| **MATTHEW EDWARD SHKOR**, ) | Case No. 21-00041-ELG |
| ) | Chapter 7 |
| Debtor. ) | |

## CAPITAL BANK, N.A.'S OBJECTION TO CORNERSTONE CAPITAL, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

### I.  INTRODUCTION

Cornerstone Capital, LLC ("Cornerstone") is seeking relief from the automatic stay in order to foreclose on its lien against the Debtor's property at 1738 R St. NW. Washington D.C., 20009 (the "Property"). Based on this Court's prior ruling in the Adversary Proceeding between Cornerstone and Capital Bank, N.A. ("Capital Bank"), Capital Bank is in a first lien position, and Cornerstone is in a second lien position.

Cornerstone, however, has appealed this Court's ruling, and that appeal is still pending. Capital Bank therefore objects to Cornerstone's lift stay request because a foreclosure cannot proceed until the lien priority dispute between the parties has been finally resolved in order for a foreclosure bidder, including, but not limited to, Capital Bank and Cornerstone, to know whether they would be purchasing the property subject to the Capital Bank first lien as this Court has ruled or, whether as Cornerstone contends, it is in a first lien position.

### II.  ARGUMENT

In its Motion, Cornerstone acknowledges the lien priority dispute that persists by virtue of its appeal of this Court's ruling in the Adversary Proceeding, but Cornerstone suggests that

---

Alexander M. Laughlin (Bar ID: 484489)
F. Douglas Ross (Admitted Pro Hac Vice)
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Phone:   (703) 218-2100
Fax:       (703) 218-2160
Email:    Alex.Laughlin@ofplaw.com
              Douglas.Ross@ofplaw.com

*Counsel for Capital Bank, N.A.*

lien priority dispute is irrelevant to its Motion (Doc 208, at ¶¶ 24 and 25). Capital Bank respectfully disagrees, because any foreclosure bidder, including the two lienholders, need to know the ultimate lien priorities in order in order to know whether and how to bid at foreclosure to protect their respective interests.

For example, there is no dispute that Cornerstone is presently in a second lien position based on the Court's prior ruling. Therefore, if Cornerstone were permitted to foreclose now, Capital Bank would not need to bid if/when the bidding exceeded its first priority lien amount because its lien would be paid in full. But, if it were later determined on appeal that Cornerstone was in the first lien position, Capital Bank would have been denied the opportunity to bid to protect what was later determined to be a second lien position.

Although Capital Bank has not been able to find any case law in the District of Columbia addressing this issue, other jurisdictions hold that a foreclosure cannot proceed in the face of a lien priority dispute. For example, in *Saunders v. KDFBS, LLC*, 335 Conn. 586, 605 n.12, 239 A.3d 1162, 1174 (2020), the Connecticut Supreme Court stated, quoting a foreclosure treatise, "the ability to calculate an appropriate bid on the property is impaired by the uncertainty of whether the foreclosing plaintiff or a defendant encumbrance has first priority." *Id.*, at 1174.

In holding that the lien priority had to be resolved in light of the appeal before the foreclosure could proceed, the *Saunders* Court quoted the following illustration from the foreclosure treatise which is directly applicable to the issue raised by Cornerstone's Motion:

> "[T]he plaintiff is a mechanic's lienor with a debt of $200,000. The property is appraised at $250,000. In addition to the owner, the complaint names as a defendant a mortgagee with a debt of $150,000, and alleges that the mechanic's lien is prior in right to the mortgage. . . . The trial court [resolves priority dispute] in favor of the mortgagee.
> "[If no appeal is permitted before the sale] these circumstances place both the lienor and the mortgagee in a difficult position, since neither one can know whether it is bidding subject to, or free and clear of, the other's interest. If the lienor were to bid its debt (ignoring the costs of the sale) and were to be the high bidder, it would realize only $50,000 from the sale, since the balance of its bid ($150,000) would be paid to the

mortgagee. Similarly, the mortgagee bidding its debt would find, if the lienor were later to be determined to be prior, that its entire bid would be paid to the lienor. In either case, either party would suffer a loss in the event [that the reviewing] court later ruled against it on the priority question."

*Id.*, at 1174, (quoting 1 D. Caron & G. Milne, supra, § 9-2:2.1, p. 542.).

Similarly, in *Fannie Mae v. Dean Manor Condo Ass'n.*, 2010 R.I. Superior Lexis 140 (2010), the Court approved a declaratory judgement action to determine the relative priority of two competing liens prior to having the foreclosure sale proceed, and stated:

> "More significantly, every foreclosure seeks to maximize the sales price so as to limit the losses to the lenders and the potential exposure to the former owners. As bidders at the mortgage foreclosure auction would not know whether they are responsible to pay the Hurd Trust and the Hurd Trust does not know whether it is responsible to pay the mortgage, a declaratory judgment is appropriate."

*Fannie Mae v. Dean Manor Condo. Ass'n*, No. 10-2287, 2010 R.I. Super. LEXIS 140, at *4 (Super. Ct. Sep. 21, 2010)

In the case before this Court, the same fundamental conflict exists which must be resolved in order for the bidders at a foreclosure sale, including but not limited to Capital Bank and Cornerstone, to know whether they would be purchasing the property subject to the Capital Bank Lien or free and clear of it.

This Court determined the parties' relative lien priorities and held that Capital Bank is in the first lien position. Cornerstone has appealed that decision, which is certainly its right, but as a result, the lien priority dispute is not yet finally resolved. That ongoing dispute precludes a foreclosure sale presently, and Cornerstone is not permitted to try to circumvent the Court's prior ruling that it is in a second lien priority by having its Lift Stay Motion granted, which would then require a new, separate action by Capital Bank to enjoin Cornerstone from foreclosing until the lien priorities have been resolved on Cornerstone's appeal. Capital Bank therefore respectfully requests that Cornerstone's Motion for Relief from Automatic Stay be denied.

3

Respectfully submitted,

*/s/ Alexander M. Laughlin*
Alexander M. Laughlin (Bar ID: 484489)
F. Douglas Ross (Admitted Pro Hac Vice)
ODIN FELDMAN PITTLEMAN PC
1775 Wiehle Ave., Suite 400
Reston, VA 20190
Phone: (703) 218-2100
Fax: (703) 218-2160
Email: Alex.Laughlin@ofplaw.com
Douglas.Ross@ofplaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2024, a copy of Capital Bank, N.A.s Objection to Cornerstone's Motion for Relief from Stay was served on all counsel of record via electronic notification through this Court's CM/ECF system.

*/s/ Alexander M. Laughlin*
Alexander M. Laughlin

#5980027v1

4